UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>            Plaintiff,<br><br>    v.<br><br>NAVARO, *et al.*,<br><br>            Defendants. | Case No. 1:24-cv-01006-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

      Plaintiff Damen D. Rabb is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983. (ECF Nos. 1, 10). On January 8, 2024, Plaintiff filed a complaint, alleging that correctional officers lost or stole Plaintiff's personal property—unspecified food and entertainment items.  The complaint further alleges that Defendant Navaro lured Plaintiff out of his cell, where he was assaulted by other inmates.

      On December 26, 2024, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 11). The Court explained why the complaint failed to state any cognizable claims, and gave Plaintiff thirty days to either file a first amended complaint or notify the Court in writing that he wanted to stand on his complaint. (*Id.* at 6, 7, 9).

      After receiving the Court's screening order, Plaintiff filed a notice on January 31, 2025 that he wanted to stand on his complaint. (ECF No. 13). For the reasons set forth below, the

Court recommends that this action be dismissed for failure to state a claim. Plaintiff has thirty days from the date of service of these findings and recommendations to file his objections.

I.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 10), the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

\\\

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff sues two California Correctional Institution officers, "Navaro" and "Calzada."[1] Plaintiff charges that: (1) he was deprived of a "property/liberty interest within the meaning of the Due Process Clause" and (2) his "constitutional equal protection clause was violated." ECF No. 1, pgs. 3, 5.

Regarding his first claim, Plaintiff alleges as follows in his complaint: While incarcerated at California Correctional Institution in Tehachapi, Plaintiff was summoned out of his living quarters to receive legal mail. *Id.* at 3.[2] Other inmates then attacked him in the presence of correctional officer Navaro. *Id.* After this incident, he was rehoused to a different unit. *Id.* Upon being rehoused, he requested an inventory sheet from the custodial staff. *Id.* His request was denied and some of his property was either lost or stolen. *Id.* The missing items included food and entertainment items "to assist in mental health." *Id.*

Plaintiff submitted a departmental grievance regarding the missing property. *Id.* at 4. The reviewing authority found that his property was not inventoried and offered him compensation in the amount of $158.86. *Id.* Plaintiff asserts that this amount was nothing more than a guess and does not fully compensate him. *Id.*

As to his second claim, Plaintiff realleges that correctional officer Navaro lured him to come outside his cell to receive legal mail. *Id.* at 5. Instead of receiving mail, other inmates attacked Plaintiff, knocking him unconscious. *Id.* He sustained an onion sized bump on his forehead from his face hitting the ground. *Id.* Plaintiff never received legal mail that day or in the following days. *Id.*

Plaintiff also says that Navaro told him that he "was being escorted from the incident" and "to tell 'them' that [he had] run into something." *Id.*

Plaintiff filed a grievance regarding the incident and requested footage of the prison's dayroom area in order to substantiate his claims. *Id.* Despite there being camera and audio recording devices at the facility, the prison collected no footage of the incident. *Id.*

---

[1] The complaint does not list the first name of either officer.
[2] The time and date of the incident are omitted from the complaint.

As for relief, Plaintiff states that he is seeking $800.00 for his lost property and $10,000.00 for his alleged injury. *Id.* at 6.

Finally, Plaintiff attaches a separate letter addressed to the Clerk of Court. *Id.* at 7. Plaintiff requests that the Clerk of Court take notice that he has not been summoned to the law library in order to prepare his filing.[3] *Id.*

### III. SECTION 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection

---

[3] Plaintiff also mentions that "[i]f [he] wait[s] any longer for prison staff to summon [him], [he] will miss [his] deadline." ECF No. 1, pg. 7.

may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

## IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. Deprivation of Property

Plaintiff's first contention is that correctional officers took or lost his personal property.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). "[T]he Due Process Clause is . . . not implicated by a *negligent* act of an official causing unintended loss of or injury to . . . property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Authorized intentional deprivation of property pursuant to an established state procedure is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532 & n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. And "California law provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-95). Furthermore, the Plaintiff must also

demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009).

Plaintiff's allegations are insufficient to state a due process claim against Defendants Navaro or Calzada. Plaintiff alleges that unidentified officers either lost or stole his property and then failed to adequately compensate him. He does not allege that his property loss was an authorized intentional deprivation of property pursuant to an established state procedure. Instead, the facts alleged, if true, would constitute an unauthorized deprivation of property, which does not state a constitutional claim in light of California's post-deprivation remedies.

Moreover, Plaintiff does not provide any facts to linking Defendants to his lost or stolen property. For example, he does not describe any Defendant taking his property from him or saying that they had done so. Because Plaintiff has not demonstrated how either Defendant personally participated in the deprivation, Plaintiff fails to state a deprivation of property claim for that reason as well.

Therefore, Plaintiff's due process claim should be dismissed for failure to state a claim.

**B.  Failure To Protect**[4]

Plaintiff effectively alleges that Defendant Navaro failed to protect him from the violent attack by other inmates.[5]

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (quoting *Farmer*, 511 U.S. at 847). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. A prison official may be held liable for an assault suffered by one

---

[4] Although Plaintiff checked the "Retaliation" box for his second claim, he does not plead any facts specific to a retaliation claim.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

[5] The specific inmates who allegedly committed the assault are not named.

1  inmate at the hands of another only where the assaulted inmate can show that the injury is
2  sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm.
3  *Id.* at 834, 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate
4  indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future
5  health." *Id.* at 834 (internal quotation omitted). To be deliberately indifferent, the "official must
6  both be aware of facts from which the inference could be drawn that a substantial risk of
7  serious harm exists, and he must also draw the inference." *Id.* Vague and conclusory allegations
8  concerning the involvement of supervisory personnel in civil rights violations are not sufficient.
9  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court finds that Plaintiff fails to state a failure to protect claim against defendant Navaro. Plaintiff's allegation that defendant Navaro lured him out of his cell to be attacked is conclusory. The complaint lacks any specific factual allegations showing that Defendant Navaro knew about the attack and ordered Plaintiff out of his cell for the purpose of allowing inmates to attack him.

Plaintiff also fails to allege specific facts that would indicate that defendant Navaro failed to intervene during the attack. Specifically, Plaintiff does not allege that defendant Navaro observed the attack and deliberately chose not to intervene to protect Plaintiff. Accordingly, because Plaintiff has not shown with specific facts that defendant Navaro was deliberately indifferent to Plaintiff's safety, he fails to state a failure to protect claim against defendant Navaro.

Additionally, Plaintiff fails to allege that defendant Calzada had any personal involvement or knowledge of the alleged attack. Other than being named as a defendant, Calzada is named nowhere in the claim. Therefore, Plaintiff's failure to protect claim against Calzada should be dismissed for failure to state a claim.

**C. Government Claims Act**

To the extent that Plaintiff intended to raise any tort claim against the state of California, he did not plead compliance with the California Government Claims Act. *See* ECF No. 1, p. 2.

7

California's Government Claims Act[6] requires that a claim against the State[7] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988).

Furthermore, although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. In this instance, the undersigned has not found a cognizable § 1983 due process claim in the Complaint against either Defendant. Therefore, at this juncture, the Court does not have supplemental jurisdiction over any state law claim that forms part of the same case or controversy as Plaintiff's alleged due process claim. *See Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) ("Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'") (quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991)).

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court previously provided Plaintiff with applicable legal standards, explained why Plaintiff's

---

[6] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[7] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

complaint failed to state a claim, and gave Plaintiff leave to file an amended complaint, but Plaintiff chose to stand on his complaint.

Based on the foregoing, it is **RECOMMENDED** that:

1. This action be dismissed for failure to state a claim; and
2. The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 10, 2025**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE