UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NAVARO, *et al.*,<br><br>　　　　Defendants. | Case No. 1:24-cv-1006 JLT EPG (PC)<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM, DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, AND DENYING PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY AS MOOT<br><br>(Docs. 14, 15, 16) |

　　　Damen D. Rabb is a state prisoner proceeding *pro se* and *in forma pauperis* this action, in which he seeks to hold the defendants liable for violations of his rights arising under federal law— including due process violations for the loss of his property, failure to protect, retaliation—and state law. (*See generally* Doc. 1.) The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found he failed to state cognizable claims under federal law, and he did not comply with the California Government Claims Act. (Doc. 11 at 2-9.) Although the Court granted Plaintiff the opportunity to amend his complaint, he filed a notice indicating that he wanted to "stand by his original complaint." (Doc. 13 at 1.)

　　　Following the receipt of Plaintiff's notice, the magistrate judge issued Findings and Recommendations, reiterated the findings in the screening order and recommending the Court

dismiss the action for failure to state a claim. (Doc. 14 at 3-9.)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 30 days. (Doc. 14 at 9.) On March 19, 2025, Plaintiff filed a motion for reconsideration, a notice of appeal, and a motion for certificate of appealability. (Docs. 15, 16, 17.) The Court processed the appeal to the Ninth Circuit, which dismissed the appeal for lack of jurisdiction on May 2, 2025. (Doc. 21.) The Ninth Circuit entered issues its mandate as to the appeal on May 27, 2025. (Doc. 22.)

The Court now construes Plaintiff's motion for reconsideration as his objections, because he addresses recommendation for dismissal in his motion. (Doc. 15.) Plaintiff believes that he "was clear… as to what brought [him] to file this action," including "civil liberty - personal property" violations. (*Id.* at 1.) He reports that he has "nothing more to add to [his] complaint," and asserts that the complaint should not be dismissed. (*Id.*)

Importantly, Plaintiff does not show any error with the specific findings of the magistrate judge related to the pleading deficiencies of his claims. For example, Plaintiff did not allege any facts linking the named defendants to his alleged deprivation of property or facts supporting a conclusion that the defendants had knowledge of the identified attack by other inmates, as required for a failure to protect claim. In addition, although Plaintiff indicated he wished to hold the defendants liable for retaliation in his complaint, there were no facts related to such a claim. Finally, Plaintiff does not dispute that he failed to comply with the Government Tort Claims Act. Consequently, Plaintiff fails to show he alleged facts sufficient to support the identified claims in his complaint.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of the action. Having carefully reviewed the matter, including Plaintiff's motions, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 11, 2025 (Doc. 14) are **ADOPTED** in full.

///

2. Plaintiff's motion for reconsideration, construed as his objections, (Doc. 15) is **DENIED**.

3. Plaintiff's motion for certificate of appealability (Doc. 16) is denied as **MOOT**, as the Court previously processed the appeal.

4. This action is **DISMISSED** for failure to state a claim.

5. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **June 12, 2025**

UNITED STATES DISTRICT JUDGE